**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | NO. 2:09-cr-43 |
| ) | 2:13-CV-454 |
| JOVAN DEMONT STEWART, ) | |
| ) | |
| Defendant/Petitioner. ) | |

## OPINION AND ORDER

This matter is before the Court on the: (1) Petition for Reconsideration and Annulment or Modification of Judgment, filed by Petitioner, Jovan Demont Stewart, on March 3, 2015 (DE #610); and (2) Motion for Extension of Time to File Notice of Appeal or in the Alternate a Stay, or Notice of Appeal, filed by Petitioner, Jovan Demont Stewart, on March 6, 2015 (DE #611). The Petition for Reconsideration (DE #610) is **DENIED FOR LACK OF JURISDICTION**. The motion for extension of time to file a notice of appeal, or in the alternative a stay, or a notice of appeal (DE #611), is also **DENIED**.

BACKGROUND

On January 7, 2015, this Court entered an opinion and order denying Stewart's motion under 18 U.S.C. § 2255, denying his

request for an evidentiary hearing, and declining to issue a certificate of appealability. (DE #601). In the current motion for reconsideration, Stewart rehashes many arguments he made in the voluminous briefing of his section 2255, as well as attaches an exhibit which purports to be a letter from S.K. dated January 2, 2010 (DE #610, pp. 18-24). Although Stewart seems to claim that he attached this letter as an exhibit to the Court earlier, the Court has scoured the docket (including DE #543, 578, and 559), and notes that the letter was not previously submitted to the Court.

DISCUSSION

When a motion is brought requesting reconsideration of a final judgment, a court must first determine whether it has jurisdiction to entertain the motion. Under certain circumstances, a motion for reconsideration motion must be treated as a successive habeas petition. *See Dunlap v. Litscher*, 301 F.3d 873, 875-76 (7th Cir. 2002); *Harris v. Cotton*, 296 F.3d 578, 579-80 (7th Cir. 2002) (citations omitted) ("Prisoners are not allowed to avoid the restrictions that Congress has placed on collateral attacks on their convictions . . . by styling their collateral attacks as motions for reconsideration under Rule 60(b).") If a motion for reconsideration is in effect a second or successive petition, a district court lacks jurisdiction to consider it unless the court of appeals has granted the petitioner permission to file such a

2

petition. See 28 U.S.C. § 2255(h); 28 U.S.C. § 2244; *Dunlap*, 301 F.3d at 875 (noting that 28 U.S.C. section 2255, paragraph 8, is "clear and bar[s] a district court from using Rule 60(b) to give a prisoner broader relief from a judgment rendered by the court in the prisoner's [2255] proceeding."). The Seventh Circuit has explained the Supreme Court's position on such motions as follows:

> *Gonzalez* [*v. Crosby*, 545 U.S. 524 (2005)] holds that a motion under Fed.R.Civ.P. 60(b) must be treated as a collateral attack when the prisoner makes a 'claim' within the scope of § 2244(b). This means, the Court concluded, that a procedural argument (say, one about the statute of limitations) raised using Rule 60(b) is not a new collateral attack, but that an objection to the validity of the criminal conviction or sentence is one no matter how it is couched or captioned. See also, e.g., *Melton v. United States*, 359 F.3d 855 (7th Cir. 2004); *United States v. Evans*, 224 F.3d 670 (7th Cir. 2000). The reasoning of *Gonzalez* does not depend on which rule the prisoner invokes; its approach is as applicable to post-judgment motions under Fed.R.Crim.P. 6(e) as it is to motions under Rule 60(b).

*U.S. v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005).

In this case, Stewart does not argue that there were any procedural defects in the proceedings related to the Court's decision to deny relief under section 2255.[1] Rather, his motion for reconsideration again attempts to challenge the validity of his

---

[1] To the extent Stewart claims this Court wrongfully did not address the letter he attaches to his motion (DE #610, p. 7), Stewart did not previously provide it to the Court. It cannot be considered new evidence, either, as it is dated January 2, 2010.

3

sentence, arguing (as he has done before) that his counsel was incompetent for, *inter alia*, not using an entrapment defense, for not moving for a severance, and for failing to investigate. Additionally, he makes the *Batson* challenge (as his did in the section 2255 motion), insists there was insufficient evidence to convict him, and reiterates his argument that perjured testimony was presented to the grand jury. As such, Stewart's motion is a successive claim for relief under section 2255, for which he must obtain leave to file from the Seventh Circuit Court of Appeals. 28 U.S.C. § 2255(h). This Court lacks jurisdiction to hear Stewart's motion for reconsideration, and it must be **DISMISSED**.

This Court has already denied Stewart a certificate of appealability. (DE #601, pp. 22.) A certificate of appealability may only issue if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because this motion is an unauthorized successive collateral attack, this Court cannot treat it as a notice of appeal, and cannot issue a certificate of appealability. *See Sveum v. Smith*, 403 F.3d 447 (7th Cir. 2005). Moreover, to the extent Stewart requests an extension of time to file a notice of appeal, the Court cannot grant that request.[2]

---

[2] Moreover, Federal Rule of Appellate Procedure states in a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the entry of the judgment or order being appealed. Fed. R. App. P. R4(b)(1)(A). Even if the Court could find excusable neglect or good cause, a district

4

CONCLUSION

The Petition for Reconsideration (DE #610) is **DENIED FOR LACK OF JURISDICTION**. The motion for extension of time to file a notice of appeal, or in the alternative a stay, or a notice of appeal (DE #611), is also **DENIED**.

DATED: March 11, 2015 /s/ RUDY LOZANO, Judge
United States District Court

---

Court may only extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by Rule 4. Stewart has exceeded that time limit.

5