# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff/Respondent, | ) |
| | ) |
| vs. | ) NO. 2:09-CR-43 |
| | )     2:13-CV-454 |
| JOVAN DEMONT STEWART, | ) |
| | ) |
| Defendant/Petitioner. | ) |

## OPINION AND ORDER

This matter is before the Court on the Motion for Status, filed by Defendant, Jovan Demont Stewart, on May 11, 2015. (DE #627.) For the reasons set forth below, the motion is **DENIED** for lack of jurisdiction.

In his current motion, Stewart "Moves this Honorable Court for the Status of his pending Motion before this Court entitled 'PETITION FOR INTERVENTION OF THE CHIEF UNITED STATES DISTRICT JUDGE PHILLIP (sic) P. SIMON FOR RECUSAL AND RECONSIDERATION PURPOSES UNDER EXTRAORDINARY CIRCUMSTANCES." (DE #627.)

On April 8, 2015, this Court denied both the Motion for Recusal of United States District Court Judge Rudy Lozano (DE #618) and the Petition for Intervention of the Chief United States District Judge Phillip [sic.] P. Simon for Recusal and Reconsideration Purposes Under Extraordinary Circumstances (DE

#619), noting that this Court had already ruled upon all of Stewart's previously filed motions. (See DE #620.) The Court also pointed out that Stewart's motion and petition did not meet the statutory requirements for recusal and/or reassignment because he did not file an affidavit and did not show that any alleged personal bias stemmed from an extrajudicial source. (*Id.*) As noted, the Court's rulings in this case do not, by themselves, constitute a reason to recuse or a reason for another judge to intervene. (*Id.*) Despite Stewart's statements to the contrary, no motion or petition remained "pending" following this Court's April 8, 2015, Opinion and Order.

On the same day he filed the instant Motion for Status, Stewart filed an Amended Notice of Appeal. (DE #628.) In it, he lists various orders that he is appealing, including the Court's April 8, 2015, Opinion and Order that denied both the Motion for Recusal and the Petition for Intervention. (*Id.* at p. 2.)[1] Because the Court has already ruled upon both of those filings and Stewart has filed an Amended Notice of Appeal as to those rulings, this Court lacks jurisdiction to address the matter further.

> The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and

---

[1] Stewart has indicated that he "reserves the right to Amend and/or Supplement and Consolidate any denial of (DE. 619) to this instant appeal." (DE #628, p. 2.) Although Stewart believes that the Petition for Intervention remains pending before Chief Judge Simon, he is mistaken; that petition was denied by this Court on April 8, 2015. (DE #620.)

2

> divests the district court of its control over those aspects of the case involved in the appeal. Only one court at a time has jurisdiction over a subject. The point of the rule is to avoid the confusion of placing the same matter before two courts at the same time and to preserve the integrity of the appeal process.

*United States v. Brown*, 732 F.3d 781, 787 (7th Cir. 2013) (internal citations and quotation marks omitted).

Additionally, even if this Court did have jurisdiction to address the matter, it would deny Stewart's Motion for Status as moot. As noted repeatedly above, the Petition for Intervention was already denied, and nothing remains pending before either this Court of Chief Judge Simon.

**DATED:   May 14, 2015**          /s/ RUDY LOZANO, Judge
                                    **United States District Court**